**Karamjit SINGH, Jagjeet Singh, Gur-preet M. Singh, Harpreet Singh, Surinder Kaur, Petitioners,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–3686–ag.

United States Court of Appeals, Second Circuit.

April 23, 2007.

Hector M. Roman, Jackson Heights, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, R. Alexander Goring, Trial Attorney, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Karamjit Singh, Surinder Kaur, Jagjeet Singh, Gurpreet M. Singh, and Harpreet Singh, natives and citizens of India, seek review of a July 17, 2006, order of the BIA denying their motion to reopen removal proceedings. *In re Karamjit Singh/Surinder Kaur/Jagjeet Singh/Gurpreet M. Singh/Harpreet Singh*, Nos. A75 980 362/405/406/407/408 (B.I.A. July 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Where, as here, an individual files a timely petition from the denial of a motion to reopen, but did not file a timely appeal disputing the BIA's original affirmance of the IJ's credibility ruling, we "confine our review to the denial of petitioner's motion to reopen [the] proceedings" and we do not review the validity of the original credibility determination. *Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006) (internal citations and quotation marks omitted).

The BIA did not abuse its discretion in denying petitioners' second motion to reopen. First, the articles that Singh submitted to assert changed country circumstances did not show material changes as required by 8 C.F.R. § 1003.2(c)(3)(ii). Rather, they reported generally about the excesses and impunity of the police in Punjab and did not address the particular claims of Singh and his family, who lived in Delhi. While the articles discuss some instances of police violence in Punjab, they do not show that the police outside Punjab targeted Sikhs like Singh because of their political activities.

Second, in light of the IJ's adverse credibility finding—which Singh failed to challenge properly in a petition for review—it was not an abuse of discretion for the BIA to give little, if any, weight to the death certificates and affidavit that Singh submitted alleging a continuing fear of persecution by the Indian government. The BIA properly concluded that Singh's claim that the police continued to target him did not have an independent basis for establishing a well-founded fear, but instead rested on his past political activity, which is the same factual predicate that the IJ found not to be credible. Therefore, the adverse credibility finding in his underlying case precludes, in part, Singh's success on his motion to reopen. *See Paul*, 444 F.3d at 154.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioners' pending motion for a stay of removal in this petition is DISMISSED as moot.